IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-00044-M

| | |
|---|---|
| AMY LOHRENZ, MAJOR MICHAEL LOHRENZ, MGL, MML, MML, & MML,<br><br>Plaintiffs,<br><br>v.<br><br>BRAGG COMMUNITIES, LLC, CORVIAS MANAGEMENT-ARMY, LLC, CORVIAS MILITARY LIVING, LLC, and HEATHER FULLER,<br><br>Defendants. | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT |

Pursuant to Local Civil Rule 7.2, and consistent with the Scheduling Order issued by this Court (Doc 27), Plaintiffs, through counsel, respectfully submit this memorandum of law in support of their motion for leave to amend the First Amended Complaint (Doc 18) by adding claims for Private Nuisance, Unfair and Deceptive Trade Practices, Violation of the North Carolina Residential Rental Agreements Act/Breach of Warranty of Habitability, Breach of Implied Covenant of Good Faith and Fair Dealing, and Breach of Contract.

Fed. R. Civ. P. 15(a)(2) provides that when a party seeks leave to amend, "the court should freely give leave when justice so requires." The Rule establishes a liberal policy toward permitting amendments to the pleadings and "gives effect to the federal policy in favor of resolving cases on their merits." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). Accordingly, leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (quoting *Johnson v. Oroweat,* 785 F.2d 503, 509 (4th Cir. 1986)); *see also Edwards v. City of*

1

*Goldsboro,* 178 F.3d 231 (4th Cir. 1999); *Batchelor v. Cornerstone Bank,* No. 5:13-CV-78-D, 2013 WL 5309578, at *1 (E.D.N.C. Sept. 19, 2013) ("absent prejudice, bad faith, or futility of the amendment, the court should grant leave to amend" (citations omitted)); *Waterman v. Alta Verde Indus., Inc.,* 643 F. Supp. 797 (E.D.N.C. 1986) (granting motion to amend answer to include additional affirmative defenses).

As noted above, Plaintiffs seek the Court's leave to amend their First Amended Complaint (Doc 18) by including Private Nuisance, Unfair and Deceptive Trade Practices, Violation of the North Carolina Residential Rental Agreements Act/Breach of Warranty of Habitability, Breach of Implied Covenant of Good Faith and Fair Dealing, and Breach of Contract as additional claims against Defendants. Plaintiffs seek leave to amend in good faith and without a dilatory motive. Illustrative of their good faith intentions, pursuant to the Scheduling Order (Doc 27), Plaintiffs timely filed their motion prior to the June 24, 2022, deadline. Being that this matter is still in its early stages, it cannot be said that this amendment is being offered during – or anywhere near – trial. Furthering the point that this matter is still in its infancy, little, if any, discovery has been completed by either party. Because little to no discovery has been completed, no new gathering or analysis of facts will be required by Defendants. By timely seeking leave to amend in the infancy of this matter, Plaintiffs have demonstrated that they are not acting in bad faith or with a dilatory motive.

Second, the additional claims Plaintiffs seek to include in the amendment are not futile. As the Defendants likely know, the additional claims included in the proposed amendment are routinely pled and included as theories for relief in landlord/tenant and personal injury matters similar to Plaintiffs'. Regardless, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation

should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980).

Finally, the proposed amendment does not prejudice Defendants. As stated by the Fourth Circuit, "[a]n amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber,* 438 F.3d at 427; *see also Piper Aircraft Corp.,* 615 F.2d at 613 ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendants' case.")

Like in *Laber,* Plaintiffs in this case seek to merely add additional theories of recovery to the facts already pled. As mentioned previously, little, if any, discovery has been completed. Any discovery that has been completed need not be duplicated because the proposed amendment does not put any new facts at issue but merely states alternative theories for recovery. *See Laber,* 438 F.3d at 428; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) (reversing district court's entry of judgment of dismissal and denial of plaintiff's motion to amend where "the amendment would have done no more that state an alternative theory for recovery.") From the outset of this matter, Defendants have been made fully aware of the events giving rise to this action. As such, allowing Plaintiffs leave to amend cannot in anyway prejudice the preparation of Defendants' case.

Accordingly, there are compelling grounds to grant leave so that this matter can be resolved on its merits. *Laber,* 438 at 426. For the reasons set forth herein, Plaintiffs respectfully request that the Court grant them leave to file the proposed Second Amended Complaint, which is attached as Exhibit 1 to Plaintiffs' Motion for Leave to Amend.

This the 24th day of June, 2022.

Respectfully submitted,

**WARD BLACK LAW**
/s/ *Audrey Snyder*
Audrey Snyder
N.C. State Bar 52476
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Telephone: (336) 333-2244
Facsimile: (336) 510-2166
asnyder@wardblacklaw.com
*Attorneys for Plaintiffs*

**PERRY & BRANDT, ATTORNEYS AT LAW**
/s/ Holden K. McLemore
Holden K. McLemore
N.C. State Bar No. 56361
417 S. Main St.
Wake Forest, NC 27587
Telephone: (919)556-3008
Facsimile: (919)249-5130
hmclemore@perrybrandtlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the applicable word limit. [1020]

Dated: June 24, 2022.

                                        Respectfully submitted,

                                        /s/ Holden K. McLemore
                                        Holden K. McLemore, NC State Bar #56361
                                        Perry & Brandt, Attorneys at Law

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June 2022, Plaintiffs' Motion for Leave to File Second Amended Complaint was served on all parties of record via the Court's ECF filing system.

                                        **WARD BLACK LAW**

                                        /s/ *Audrey Snyder*
                                        Audrey Snyder