IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-cv-00044-M

| | |
|---|---|
| AMY LOHRENZ, MAJOR MICHAEL LOHRENZ, MGL, MML, MML, & MML,<br><br>  Plaintiffs,<br><br>  v.<br><br>BRAGG COMMUNITIES, LLC, CORVIAS MANAGEMENT-ARMY, LLC, CORVIAS MILITARY LIVING, LLC, and HEATHER FULLER,<br><br>  Defendants. | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND |

Plaintiffs, through counsel, respectfully submit this reply in support of their motion for leave to amend the First Amended Complaint (Doc 18) and respectfully reply to new matters raised in the response brief (Doc 47) filed by Defendants.

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Forman sets forth the general standard to be employed by federal courts in making a Rule 15(a) determination:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

1

allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, by "freely given."

The law is well settled that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *See Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986). Delay alone is an insufficient reason to deny leave to amend. *See Id.* Rather, the delay must be accompanied by prejudice, bad faith, or futility. *See Id.*

First, Plaintiffs' Motion for Leave is in good faith and is not futile. Defendants' first filing in this matter was a Notice of Removal on January 26, 2022. Plaintiffs' Motion for Leave to File a Second Amended Complaint was filed in compliance with the original Scheduling Order on June 24, 2022, merely five months from the Defendants' first filing in this matter. Undue delay has been found where Plaintiff has waited over one year or more to seek leave to file amended pleadings. *See EEOC v. Peters' Bakery*, No. 13-cv-04507-BLF, 2016 2016 LEXIS 45519, at 8-9 (N.D.C.A. April 4, 2016) (where the court denied amendment of the pleadings when Plaintiff filed more than one year past the deadline and two weeks before the deadline for dispositive motions). When the defendant was "from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case." *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980). See also *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006). Here, Defendants were made aware of the events giving rise to the action in the Original Complaint and the First Amended Complaint ("FAC"). As stated in Defendants' response, Plaintiffs "immediately" provided Defendants notice of the circumstances

2

surrounding these claims "shortly" after taking possession of the contaminated real property in this matter in March of 2018 (FAC ¶ 18-19).

In *Laber,* the district court denied Plaintiff's motion to amend his complaint. The amended complaint sought to add a claim of religious discrimination against Defendants. On appeal, Plaintiff argued that the district court abused its discretion by denying his motion and that justice required that he be given the opportunity to amend his complaint to put Defendants underlying religious discrimination at issue. In reversing the lower court ruling, the Court found that there was no indication that Plaintiff's omission from his original complaint of the legal theory he then sought to pursue was in bad faith. Additionally, the Court found that Defendants would not have been prejudiced by the proposed amendment because *no significant discovery had yet been conducted* and that the proposed complaint *did not put any new facts at issue but merely states an "alternative theory" for recovery*. Siding with Plaintiff, the Court held that because Plaintiff did not act in bad faith, the proposed amendment would not prejudice Defendants, and that the amendment was not futile, the district court abused its discretion in denying Plaintiff's motion to amend.

In *Piper,* the district court denied Plaintiff's motion to amend his complaint after the district court found that (1) Plaintiff, on two separate occasions, failed to assert his claim against Defendant in prior state court actions, and (2) that Plaintiff delayed four months after learning of the defect in his complaint before he moved to amend. On appeal, the Court held that the district court abused its discretion in denying Plaintiff's motion to amend and reversed the lower court's ruling. First, the Court found that from the outset, Defendant was made fully aware of the events giving rise to the action. As such, an allowance of the amendment could not in any way prejudice the preparation of Defendant's case. *Piper,* 615 F.2d at 613. Second, the Court found that the

3

Case 5:22-cv-00044-M    Document 52    Filed 03/14/23    Page 3 of 10

delay of four months did not prejudice Defendants because "[d]elay alone, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as a reason for denial." *Id.*

Like the Plaintiffs in *Laber* and *Piper,* the Plaintiffs in *Lohrenz* seek amend their complaint by adding what is essentially an "alternative theory" for recovery without asserting any new facts at issue. Like in *Laber,* no significant discovery has yet been conducted and no new facts are being asserted. As such, Plaintiffs "ought to be afforded an opportunity to test [their] claim on the merits …. [t]he leave sought should, as the rules require, be 'freely given.' *Forman,* 371 U.S. at 182.

As stated above, the court may deny a motion for leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). A proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Id.* at 510. "A proposed amendment is also futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019). It is well settled that "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow the amendment." *Davis v. Piper Aircraft, Corp.,* 615 F.2d 606, 613 (4th Cir. 1980).

In this case, Plaintiffs' newly asserted claims and previously asserted claims are sufficiently plead, non-frivolous, and would survive a motion to dismiss. Each claim is addressed individually as follows:

(i) Private Nuisance: Plaintiffs' private nuisance claim is adequately pled in the SAC. To prove private nuisance, plaintiffs must show substantial and unreasonable interference with the use and enjoyment of their property. *Priselac v. Chemours Co.*, No. 7:20-cv-190-D, LEXIS 54845, at 13 (E.D.N.C March 28, 2022). "An interference is substantial when it results in significant annoyance, some material physical discomfort or injury to the plaintiffs health or property." *Id.* "Unreasonableness is a question of fact judged by an objective standard that balances the relative benefit to defendant against the harm to plaintiff." *See Pendergrast v. Aiken*, 236 S.E.2d 787, 797 (1977). Here, Plaintiffs specify in the SAC that the nuisance claim is asserted only against Defendant Bragg Communities (SAC page 22). Plaintiffs' "material physical discomfort and injuries to their health and property" evidence substantial interference and harm to the Lohrenz family by Bragg Communities. (SAC ¶ 39-43). The unreasonable interference in the use and enjoyment of property is shown by the environmental testing showing the presence of mold and contaminants referenced throughout the SAC. Plaintiffs' nuisance claim is not futile.

(ii) Violation of NC RRAA; The RRAA creates a statutory duty to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." N.C. Gen. Stat. § 42-42(a)(2) (2021); *Martin v. Kilauea Props., LLC*, 214 N.C. App. 185, 188, 715 S.E.2d 210, 212 (2011). "A breach of this duty is a breach of the implied warranty of habitability." *Id*. In addition, "a violation of the duty to maintain the premises in a fit and habitable condition is evidence of negligence." *Terry v Pub. Serv. Co. of NC., Inc.,* No. COA22-160, N.C.App.

LEXIS 946 at 19 (2022) (*quoting Brooks*, 57 N.C. App. at 559, 291 S.E.2d at 891)). Plaintiffs' SAC references several inhabitable conditions including mold, leaks, flooding, infestation, impaired air quality, wet carpets and the failure by Defendants to repair or remediate those conditions despite continuous notice (SAC ¶ 14-17, 22-24). The shotty repairs are also referenced (SAC ¶ 16-17). These allegations adequately allege Defendants' nonfulfillment of their obligations under the act and specifically plead the conditions of the premises. Plaintiffs have plausibly alleged violation of NC RRAA.

(i) UDTPA: Plaintiffs' UDTPA claim is timely filed. Pursuant to N.C. Gen. Stat. § 75-16.2, the statute of limitations is four years after a cause of action accrues. "A UDTPA cause of action accrues when the violation occurs." Withers v. BMW of N. Am., LLC, 560 F. Supp. 3d 1010, 1018-1019 (N.C.W.D Sep. 15, 2021) (*quoting Ferro v. Volvo Penta of the Ams.*, 731 F. App'x 208, 211 (4th Cir. 2018)). When a UDTPA claim is based on fraudulent conduct, the violation occurs "at the time that the fraud is discovered or should have been discovered with the exercise of reasonable diligence." *Dreamstreet Invs., Inc. v. MidCountry Bank*, 842 F.3d 825, 830 (4th Cir. 2016). "The issue of due diligence is usually a question of fact for the jury, though failure to exercise due diligence may be a matter of law where there was clearly the capacity and opportunity to discover the mistake." *Mt. Land Props. v. Lovell*, 46 F. Supp. 3d 609, 624 (W.D.N.C. 2014). In *Whithers*, the defendant argued the fraud should have been discovered at the latest in December 2015 and the second amended complaint was filed in January 2020, the court found that the statute of limitations did not bar the plaintiff's claim. *Withers* 560 F. Supp.

at 1018-1019. In *Lohrenz*, the accrual of the action will be a question of fact for the jury as to when the Defendants' fraud was discovered or should have been discovered. At the earliest, Plaintiffs discovered in August 2019, when Defendants informed the Lohrenz family that they would be relocating for a second time due to uninhabitable conditions, that the contaminations were perpetual and extended beyond the original property. The proposed SAC was filed on June 22, 2022. Plaintiffs' UDTPA claim is not futile.

(ii) Breach of Implied Covenant of Good faith and Fair Dealing and Breach of Contract: These allegations made by Plaintiffs are adequately pled and are not futile. While Plaintiffs concede that the implied covenant of good faith and fair dealing is based upon the same acts as the claim for breach of contract and is treated as one claim, Plaintiff maintains the breach of contract claim against Defendant Bragg Communities. *See Thomas v. Bragg Cmtys., LLC*, No. 5:22-cv-226-D, LEXIS 7277 (E.D.N.C January 17, 2023).

(iii) Similarly, conclusory negligence, gross negligence, and battery claims are all supported by precedent and would survive a motion to dismiss. *See Thomas v. Bragg Cmtys., LLC*, No. 5:22-cv-226-D, LEXIS 7277 (E.D.N.C January 17, 2023) (where this court denied motions to dismiss similar claims filed on behalf of Fort Bragg military families injured by Bragg Communities et al.).

Next, Plaintffs' claims, if allowed, in the Second Amended Complaint ("SAC") do relate back to the date of the original complaint. Pursuant to Fed. R. Civ. P. 15(c), for a matter to relate back, the allegation must "arise out of the same occurrence set forth in the original pleading, thereby ensuring the defendant knew of the action's commencement and of its nature." *Piper,* 615

F.2d at 19. As stated above, Defendents here have known of the commencement and nature of this action since the filing of the original complaint.

Furthermore, this case is in its infancy and discovery has not yet occurred. Defendants' argument that new allegations will cause expansion of discovery is misleading and could not cause prejudice on Defendants. Examples of prejudice found by courts requiring denial of an amended pleading include (1) defendant's continued payment of wages for an additional year of delay for trial or (2) an amended complaint seventy-eight pages longer than the original complaint and filed over three years after defendant's original motion to dismiss. *See EEOC v. Peters' Bakery*, No. 13-cv-04507-BLF, 2016 LEXIS 45519, at 8-9 (N.D.C.A. April 4, 2016); *See also Kerr v. Marshall Univ. Bd. of Governors*, No. 2:14-cv-12333, 2018 LEXIS 25577, at 16 (W.V.S.D. Feb. 16, 2018). In this case, Plaintiffs' SAC would not prejudice the defendants but instead simply states alternative theories of recovery as in *Forman* and *Laber*. *Kerr* at 16.

Defendants' response relies on *Lone Star Steakhouse & Saloon, Inc.*, where the movant "waited until the closing days of discovery before filing its motion to amend." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 940 (4th Cir. 1995). Defendants also rely on *Deasy* where the court found undue delay and prejudice when the plaintiff did not act to amend the complaint until "just before trial." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987). Here, there has been little to no discovery completed and a trial date is not set. Contrary to Defendants' remarks in their response, the previous scheduling order was vacated on September 22, 2022 pursuant to an unopposed motion. Defendants do not have adequate grounds to claim prejudice or undue delay in this matter.

Finally, there are compelling grounds to grant leave so that this matter can be resolved on its merits. *Laber,* 438 at 426. For the reasons set forth herein, Plaintiffs respectfully request that the Court grant them leave to file the proposed Second Amended Complaint.

This the 14th day of March, 2023.

Respectfully submitted,

**WARD BLACK LAW**
/s/ *Audrey Snyder*
Audrey Snyder
N.C. State Bar 52476
208 W. Wendover Avenue
Greensboro, North Carolina 27401
Telephone: (336) 333-2244
Facsimile: (336) 510-2166
asnyder@wardblacklaw.com
*Attorneys for Plaintiffs*

**PERRY & BRANDT, ATTORNEYS AT LAW**
/s/ Holden K. McLemore
Holden K. McLemore
N.C. State Bar No. 56361
417 S. Main St.
Wake Forest, NC 27587
Telephone: (919)556-3008
Facsimile: (919)249-5130
hmclemore@perrybrandtlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the applicable word limit. [2355]

Dated: March 14, 2023.

**WARD BLACK LAW**

/s/ *Audrey Snyder*
Audrey Snyder

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2023, Plaintiffs' Motion for Leave to File Second Amended Complaint was served on all parties of record via the Court's ECF filing system.

**WARD BLACK LAW**

/s/ *Audrey Snyder*
Audrey Snyder