IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-00054-M

**Amy Lohrenz, et al.,**

        Plaintiffs,

v.

**Bragg Communities, LLC, et al.,**

        Defendants.

**Scheduling Order**

After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 57), the Court enters the following scheduling order:

**1.　Scope of Discovery**

The scope of discovery in this matter is limited to the issues identified in Paragraph 3(a) of the Rule 26(f) Report.

**2.　Initial Disclosures**

If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Tuesday, June 20, 2023.

**3.　Discovery Plan**

    a.　All discovery shall be initiated in time to be completed by Monday, June 03, 2024.

    b.　Plaintiffs and Defendants may serve on the other party up to 30 interrogatories, including all discrete subparts.

    c.　Any objection to Interrogatories or Requests for Production shall be stated with particularity. Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

    d.　Each Plaintiffs and Defendants may serve on the other party up to 30 Requests for Admission pursuant to Rule 36.

e. Plaintiffs collectively and Defendants collectively may take up to 10 depositions, including fact witnesses and depositions pursuant to Rule 30(b)(6). The parties may also depose expert witnesses and medical providers designated in the case. Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day. Time taken for breaks and recesses shall not count towards the hour limit.

f. Supplementation required under Rule 26(e) shall occur within a reasonable time upon learning that a disclosure or response to a discovery request is incorrect or incomplete in some material respect.

**4. Expert Reports**

a. The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

   i. Plaintiff's disclosures shall be made no later than Friday, January 12, 2024.

   ii. Defendant's disclosures shall be made no later than Friday, February 09, 2024.

   iii. Rebuttal disclosures shall be made no later than Friday, February 23, 2024.

   iv. Supplementation of disclosures shall be made no later than Friday, March 08, 2024.

**5. Amendment of Pleadings and Addition of Parties**

a. Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b. The parties shall file motions to amend the pleadings or join additional parties no later than Friday, September 15, 2023.

**6. Protective Orders**

Any proposed protective orders that discuss filing materials under seal must comply with Local Civil Rule 79.2 and the presiding judge's practice preferences. Failure to include the necessary language will result in the court denying the motion without prejudice.

**7. Dispositive Motion Deadline**

The parties shall file any dispositive motions by Monday, June 03, 2024.

**8. Alternative Dispute Resolution**

a. The parties shall participate in a mediated settlement conference prior to the end of the discovery period. The parties shall file a statement identifying an agreed-upon mediator within 21 days from the date of this order. If the parties fail to notify the court of their agreed-upon mediator by this deadline, the Clerk of Court may appoint a mediator.

b. If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

c. If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

**9. Trial Date and Related Deadlines**

Trial in this case is set for Tuesday, October 08, 2024. The court will hold a pretrial conference on Tuesday, September 24, 2024 at 9:00 a.m.

If the trial and/or pretrial conference dates create conflicts for any party, the Court will entertain motions to continue, and the date(s) may be changed as needed depending on the court's and parties' schedules.

**10. Discovery of Electronically Stored Information**

The parties will meet and confer and agree on the form of a proposed consent order with regard to electronically stored information, as well as a proposed confidentiality consent protective order.

**11. Extensions of Time to Respond to Discovery Requests**

Under Rule 29(b) of the Federal Rules of Civil Procedure the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial. Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

12. **Consent to Magistrate Judge Jurisdiction**

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate. The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated: May 8, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge