**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CASE NO. 5:22-cv-00044-M**

**AMY LOHRENZ, MAJOR MICHAEL LOHRENZ, MGL, MML, MML, & MML,**

      **Plaintiffs,**

**v.**

**BRAGG COMMUNITIES, LLC, CORVIAS MANAGEMENT-ARMY, LLC, and CORVIAS MILITARY LIVING, LLC**

      **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF DEFENDANTS' EXPERT DISCLOSURE DEADLINES

Pursuant to Local Rules 7.1(e) and 7.2, counsel respectfully submit the following Memorandum of Law in Support of Defendants' Motion for Extension of Defendants' Expert Disclosure Deadlines in this matter by thirty (30) days. Counsel for Defendants certifies that counsel for Plaintiffs consents to the extension of Defendants' Expert Disclosure deadline from February 9, 2024 to March 11, 2024. The Parties participated in a good faith conference in an effort to resolve the dispute over a retroactive extension to Plaintiffs' Expert Disclosure Deadline of January 12, 2024, but reached an impasse.

## BACKGROUND

On May 5, 2023, the Parties submitted a 26(f) Report following rulings on the outstanding Motions to Dismiss and to Amend. ECF No. 57.  On May 8, 2023, the Court entered the current Scheduling Order providing that Plaintiffs' expert disclosures be made no later than January 12,

2024, Defendants' disclosures be made no later than February 9, 2024, rebuttal disclosures be made no later than February 23, 2024, and supplementation of disclosures be made no later than March 8, 2024. ECF No. 58.

The Parties have been engaged in written and document discovery and have been working in good faith to resolve disputes without Court intervention. On November 14, 2023, Defendants sent a good faith letter to Plaintiffs regarding certain discovery deficiencies and requested supplemental written discovery and production of documents by December 1, 2023. *See e.g.,* **Exhibit A.** On November 16, 2023, Defendants noticed the depositions of Amy and Michael Lohrenz for December 11 and 12, 2023. *See* **Exhibit B**. Two weeks later, on December 1, 2023, Plaintiffs' counsel left Defendants' counsel a voicemail seeking to reschedule the depositions to a later time. *See* Declaration of Jessica Farmer, ¶ 3, attached hereto as **Exhibit C**. The voicemail did not propose alternative dates for the depositions. *See* Farmer Dec. at ¶ 3. In response to that voicemail, defense counsel emailed Plaintiffs' counsel seeking to meet and confer on December 4, 2023. *See* December 4, 2023 email attached hereto as **Exhibit D**. On December 4, 2023, Defendants' counsel sent a follow-up email to Plaintiffs' counsel informing them that after hearing no objection to the noticed dates for two weeks, Defendants had made arrangements for travel, a conference room, and a court reporter. *See* **Ex. D**. Defendants' counsel further informed Plaintiffs that Defendants had received no response to the request to meet and confer, and asked that Plaintiffs' counsel respond by close of business on December 4, 2023 to discuss these issues related to the depositions. *Id.* Following this, Plaintiffs' counsel called Defendants' counsel to discuss potential rescheduled dates for the depositions. *See* Farmer Dec. at ¶ 6. In the same call, counsel for Defendants indicated that if the depositions of the Plaintiffs were going to be postponed into the new year, Defendants would need a 30-day extension of time for their expert witness

disclosures due on February 9, 2024. *See* Farmer Dec. at ¶ 6. Defendants' counsel then emailed Plaintiffs' counsel, following up on the call, stating that Defendants were willing to move the deposition dates *on the condition* that Defendants receive a 30-day extension on Defendants' expert witness disclosure deadline. *See* **Exhibit E**.

On December 6, 2023, Plaintiffs' counsel responded stating "[w]e agree with the extension" and confirmed that his clients were checking their schedules for the requested deposition dates in early January. *See* **Exhibit E**. On December 12, 2023, Plaintiffs produced additional documents including a listing of numerous newly disclosed medical providers and proposed depositions on January 10-11 or January 15-19, 2024. *See* **Exhibit F.**

On December 19, 2023, Defendants re-noticed the depositions of Amy and Michael Lohrenz for January 10 and 11, 2024, and further stated "[p]lease also allow this email to confirm that Plaintiffs[] agreed to an extension of 30-days for the disclosure of Defendants' expert witnesses." *See* December 19, 2023 email attached hereto as **Exhibit G**. Plaintiffs did not respond to this email. *See* Farmer Dec. at ¶ 11. On December 27, 2023, Defendants emailed Plaintiffs stating:

> As you are aware, on December 12, 2024, Plaintiffs produced a list of treating physicians at WBL00006495-99. This list included a number of physicians that were not previously disclosed in discovery and for whom we have not yet received any medical records. We have issued medical records requests to the newly disclosed physicians, but given the intervening holidays it is unlikely that we will receive those records prior to the depositions scheduled for January 10th and 11th 2024.
>
> More critically, we have not received any supplemental interrogatory responses pursuant to our November 14, 2023 letter (a copy of which is attached). We cannot proceed with the depositions of the Lohrenzes without these supplemental responses and ask that you provide those by no later than January 5, 2024.
>
> In light of the above, please let us know the availability of Mr. and Mrs. Lohrenz for depositions the week of February 5-9, 2024.

**Exhibit H.**

On or around January 2, 2024, the Parties discussed potential dates for the depositions over the phone. *See* Farmer Dec. at ¶ 12. Later that same day, Defendants served Amended Notices of Deposition for February 6 and 7, 2024. **Exhibit I.**

On January 9, 2024, counsel for Plaintiffs left a voicemail message stating that the deposition dates work and asked to discuss the expert witness deadline. *See* Farmer Dec. at ¶ 13. On January 10, 2024, counsel for the Parties had a phone call where they discussed confirmation of the depositions of Amy and Michael Lohrenz. *See* Farmer Dec. at ¶ 14. The Parties also discussed Defendants' 30-day extension to the expert deadline and whether Defendants needed additional time. *See* Farmer Dec. at ¶ 14. The Parties additionally discussed the need for an extension of the subsequent rebuttal and supplementation expert deadlines. *See* Farmer Dec. at ¶ 14. Counsel for Defendants expressly asked counsel for Plaintiffs if they also needed an extension of time for their expert disclosure and was told that Plaintiffs did not require an extension and that they were ready to disclose. *See* Farmer Dec. at ¶ 15. Finally, counsel discussed the prospect of future mediation following depositions. *See* Farmer Dec. at ¶ 16.

Thus, it came as a surprise, when on January 12, 2024 at 7:14 p.m. (Friday evening) —the deadline for Plaintiffs' expert disclosures—Plaintiffs' counsel emailed Defendants' counsel stating "[f]ollowing up on our conversation from earlier this week. We're open to an additional extension for *all* expert witness disclosures. As we discussed, the current deadline is Feb. 9th. Will extending the deadline (for *all* Parties) an additional 30 days to March 11th be enough time for you?" *See* **Exhibit J** (emphasis added). This was the first time that Plaintiffs ever mentioned an extension of *all* deadlines, including Plaintiffs' expert disclosures due that same day. Defendants' counsel responded on January 16, 2024 stating:

Our agreement confirmed a 30-day extension for defendants' expert disclosures, now due on March 11. This was necessitated by the delays in scheduling plaintiffs' depositions and their availability. We did not agree to any extension of plaintiffs' expert disclosures. To the contrary, you indicated on our calls that plaintiffs were not requesting any extension. Plaintiffs' expert disclosures were due on January 12, and plaintiffs did not serve any disclosures. Your email is thus contrary to the Court's scheduling order and our agreement.

See January 16, 2024 email attached hereto as **Exhibit K**. The Parties engaged in a meet-and-confer on January 19, 2024, wherein Plaintiffs again indicated that they were prepared to disclose their experts, but requested that Defendants agree to a *retroactive* extension through February 9, 2024 for their expert disclosures. *See* Farmer Dec. at ¶ 20. Counsel for Defendants did not agree to a retroactive modification of Plaintiffs' deadline, but agreed to extend any rebuttal or supplementation deadlines going forward and indicated that they would be filing a motion for extension of the upcoming deadlines as follows:

| Event | Original Deadline | Proposed Deadline |
|-------|-------------------|-------------------|
| Defendants' disclosures | February 9, 2024 | March 11, 2024 |
| Rebuttal disclosures | February 23, 2024 | March 25, 2024 |
| Supplementation of disclosures | March 8, 2024 | April 8, 2024 |

*See* Farmer Dec. at ¶ 21.

## ARGUMENT

Defendants have good cause for requesting an extension of the remaining expert witness dates as the depositions of the Plaintiffs have been delayed by their own actions. *See supra.* Defendants' expert disclosures are currently due on February 9, 2024, rebuttal disclosures are due on February 23, 2024, and supplementation of disclosures are due on March 8, 2024. ECF No. 58. Federal Rule of Civil Procedure 6(b)(1) permits an enlargement of time, as requested herein, "if a

request is made, *before* the original time or its extension requires" for good cause. Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). The Court has discretion to amend the Scheduling Order for good cause. *See Colony Apartments v. Abacus Project Mgmt., Inc*., 197 Fed. Appx. 217, 223 (4th Cir. 2006) (emphasis added)*; Stratford v. Brown,* No. 2:17-CV-03963, 2018 WL 4623656, at *2 (S.D.W. Va. Sept. 26, 2018) (To justify the extension of a past deadline, party must show "excusable neglect" and, to extend a future deadline, party must demonstrate "good cause."). Further, this modest extension for the Defendants' upcoming expert disclosures will not impact any additional deadlines.

Plaintiffs' assumption that there was as a reciprocal agreement for extension of *all* expert disclosure deadlines is in stark contrast to both the written and oral communications of the Parties and the Court's Scheduling Order. At no point did Defendants agree to an extension of Plaintiffs' expert disclosure deadline, and the email communications make clear that there was *never* any confirmation to extend Plaintiffs' expert disclosure deadline, unlike the confirmation of Defendants' extension. Instead, Defendants conditioned their willingness to move the deposition dates for Plaintiffs with less than two weeks' notice on Plaintiffs' agreement to the extension of Defendants' expert disclosure deadline. *See* **Exhibits E, G.** Furthermore, Plaintiffs' counsel's claim that the agreement to extend the February 9, 2024 deadline was for both parties - ("We're open to an additional extension for all expert witness disclosures. As we discussed, the current deadline is Feb. 9th.") (*see* **Exhibit K)** – is nonsensical because the Court's Scheduling Order sets only the Defendants' expert disclosure deadline on that date and sets the Plaintiffs' deadline on January 12, 2024.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Channing v. Equifax, Inc*., No. 5:11-CV-293-FL, 2012 WL

2049918, at *1 (E.D.N.C. June 6, 2012)(internal citations omitted). "Quite the contrary… the use of discovery closure dates and deadlines for disclosure are important tools for case management." *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc*., No. 1:03-CV-537, 2005 WL 6043267, at *3 (M.D.N.C. July 7, 2005)(internal citations omitted). Even where parties have mutually agreed to extend deadlines, courts will exclude untimely expert disclosures if they are in violation of the Court's scheduling order. *Id*. (granting a motion to exclude Plaintiff's untimely disclosed expert because "the parties had no authority to mutually agree to [an extended] deadline for expert reports… Thus, the court finds that Plaintiff did not have good cause to violate the terms of the discovery schedule.").

Here, it is evident that the Parties' agreement was to extend Defendants' expert disclosure deadline in exchange for Defendants' willingness to reschedule the previously noticed depositions of Plaintiffs to a time in early 2024 rather than late 2023. Based on Plaintiffs' agreement to the requested extension, Defendants now request that this Court approve the agreement and provide Defendants a 30-day extension of Defendants' expert disclosure deadline from February 9, 2024 to March 11, 2024. Defendants also request that the subsequent expert related deadlines for rebuttal experts and supplementation be continued by 30-days as well, to March 25, 2024 and April 8, 2024, respectively.

Further, Plaintiffs have already missed their deadline to disclose any affirmative experts by over a week. If Plaintiffs seek to put forth any affirmative experts at the upcoming trial, they are required to seek leave of Court, and demonstrate good cause, to name such experts out of time. *See Walter Kidde Portable Equip., Inc*., 2005 WL 6043267 at *2 (stating that a party must demonstrate good cause for its failure to timely disclose its experts in accordance with the deadlines in the scheduling order).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Motion for Extension of Defendants' expert disclosure deadline until March, 11, 2024, which has been agreed-to by the Parties, and provide an additional thirty (30) days for the rebuttal expert disclosure and supplementation deadlines that follow, March 25, 2024 and April 8, 2024, respectively.

Date: January 22, 2024                    Respectfully submitted,

*/s/ Mark P. Henriques*
Mark P. Henriques (N.C. Bar No. 18701)
WOMBLE BOND DICKINSON (US) LLP
3500 One Wells Fargo Center
301 South College Street
Charlotte, North Carolina 28202-6025
Telephone:    (704) 331-4912
Fax:           (704) 338-7830
E-mail: Mark.Henriques@wbd-us.com

**HOLLAND & KNIGHT LLP**

*/s/ Thomas J. Yoo*
Thomas J. Yoo*
400 S. Hope St., 8th Floor
Los Angeles, CA 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450
Thomas.Yoo@hklaw.com

*/s/ Jessica L. Farmer*
Jessica L. Farmer*
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5222
Facsimile: (202) 955-5564
Jessica.Farmer@hklaw.com

Daniel K. Winters*
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010
Daniel.Winters@hklaw.com

Laura Renstrom*
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202
Telephone: (904) 798-7222
Facsimile: (904) 358-1872
laura.renstrom@hklaw.com

*specially admitted*                       *Attorneys for Defendants*

## LOCAL RULE 7.2(f)(2) CERTIFICATION

The undersigned hereby certifies that this memorandum of law consists of 8 pages and is therefore compliant with Local Rule 7.2(f)(2) and contains 2,144 words.

_/s/ Jessica L. Farmer_
Jessica L. Farmer


## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

Dated: January 22, 2024

_/s/ Jessica L. Farmer_
Jessica L. Farmer